---

### SUGARMAN et al. v. STELLING et al.

(Supreme Court, Appellate Term. May 27, 1912.)

1. TRIAL (§ 165*)—DISMISSAL OR NONSUIT—OPERATION AND EFFECT OF MOTION.

> A complaint should not be dismissed on the merits merely because of a failure of proof.
>
> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

2. TRIAL (§ 105*)—OBJECTIONS TO EVIDENCE—WEIGHT AND SUFFICIENCY.

> The dismissal of an action for commissions for procuring a loan from a title insurance company, on the ground that there was no evidence that the person who assumed to accept the loan for that company had authority to do so, was improper, where a witness testified without objection that the company was ready, able, and willing to make the loan, and no motion was made to strike out this testimony or to dismiss on the ground that there was no evidence that the company was ready and willing to make the loan, since, although this testimony was a mere conclusion of the witness, defendant was in no position to take advantage of this fact.
>
> [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260-266; Dec. Dig. § 105.*]

> Page, J., dissenting in part.

Appeal from City Court of New York, Trial Term.

Action by Henry Sugarman and another, copartners doing business as Sugarman & Kahn, against Adolph Stelling and Theodore Bricken-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

stein, doing business as Stelling & Brickenstein. From a judgment dismissing the complaint on the merits, plaintiffs appeal. Reversed, and new trial granted.

Argued May term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

Joseph Sapinsky and Alvin T. Sapinsky, both of New York City, for appellants.

Edward T. Horwill, of Brooklyn, for respondents.

LEHMAN, J. The plaintiffs, real estate brokers, sued for commissions which they claim they earned in procuring a loan on defendants' real estate. At the trial they presented a prima facie case with one weak link, viz., there is no competent proof that the manager of the bureau of investments of the Lawyers' Title Insurance Company who assumed to accept the loan for that company has any authority to do so. Upon this ground the trial justice dismissed the complaint on the merits.

[1] It needs no argument or citation to show that a dismissal on the merits is not authorized where there has been only a failure of proof.

[2] Moreover, I doubt whether a dismissal even without prejudice would have been proper. The witness was allowed to testify without objection that the Title Insurance Company was ready, able, and willing to make the loan, and the record discloses no motion to strike out this testimony, and no motion to dismiss on the ground that there was no proof that the company was ready, able, and willing to perform. It is true that in a sense the testimony on this point is merely a conclusion of the witness, but, under the circumstances disclosed, I do not think that the defendant is in a position to take advantage of this fact.

Judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

SEABURY, J., concurs.

PAGE, J. I dissent on the ground that the plaintiffs did not prove that they had obtained any one ready, willing, and able to make the loan they were employed to obtain. They were to obtain a person to loan $17,500. This is not done by obtaining an acceptance of an application from one person of $15,000 and $2,500 from another without proving that these parties had agreed to make one loan and to adjust their proportions of the loan as between themselves in a participation agreement. The burden of proof rested on the plaintiffs, and they failed to sustain it. The judgment should not have been upon the merits, and should be modified by striking out "upon the merits."